UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-21880-SCOLA/GOODMAN

NORMAN LAINEZ RAMOS,

Petitioner,

v.

MICHAEL MEADE, et al.,

Respondents.

_____/

## ORDER REQUIRING SUPPLEMENTAL DECLARATION

Norman Lainez Ramos filed a Petition for Writ of Habeas Corpus [ECF No. 1], which United States District Court Judge Robert N. Scola referred to the Undersigned for a Report and Recommendation [ECF No. 8]. In the petition, Ramos challenges his current detention pending deportation as impermissible under 8 U.S.C. § 1231 and *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001). [ECF Nos. 1; 9].

As part of their Response, Respondents Michael W. Meade, ERO Miami Field Office Director, U.S. Immigration and Customs Enforcement; Alejandro Mayorkas, Secretary of the United States Department of Homeland Security; Marc J. Moore, Field Office Director, Krome Detention Center; Merrick Garland, U.S. Attorney General (collectively "Respondents") included the declaration of Christopher H. Smith ("Smith"),

a detention and deportation officer with Immigration and Customs Enforcement ("ICE"). [ECF No. 7-2]. The declaration explains the steps ICE has taken to remove Petitioner to Nicaragua, his home country. *Id.*

Although the declaration states that ICE has been "diligently working to process Petitioner for deportation," it also states that the request to Nicaragua for Petitioner's travel documents has been placed on "Hold" by Nicaragua since August 5, 2021. *Id.* The Undersigned requires additional information concerning this one-year delay.

Therefore, by August 12, 2022, Respondents shall submit a supplemental declaration (from either Smith or another qualified declarant). The supplemental declaration shall address the following topics: (1) whether Nicaraguan officials have explained why the travel document request was placed on "Hold" a year ago (and, if so, then what explanation was provided); (2) whether U.S. officials have requested that information (and, if so, then what information was provided); (3) whether Nicaraguan officials have provided any predictions about whether the travel document request will be granted (and, if so, then when); (4) what is the United States' experience with deportation-related travel document requests to Nicaragua; (5) how long does it typically take Nicaragua to process deportation-related travel document requests; and (6) what is the longest amount of time taken in the past five years for Nicaragua to issue travel documents in conjunction with a deportation-request by the United States?

No additional briefing will be permitted absent further Court Order.

**DONE AND ORDERED** in Chambers, at Miami, Florida, on August 2, 2022.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Robert N. Scola
All counsel of record